Columbus Bar Association v. James.

[Cite as *Columbus Bar Assn. v. James* (1999), 84 Ohio St.3d 379.]

(No. 98–1228—Submitted August 19, 1998—Decided January 13, 1999.)

*Bruce A. Campbell, Kathaleen B. Schulte* and *Lance Tibbles,* for relator.

*Aaron N. James, pro se.*

***Per Curiam.*** Respondent's personal behavior before several judges calls into question his fitness to practice law. He has a history of substance abuse, has pled guilty to a felony charge for possession of cocaine, and has failed to attend scheduled court hearings and obey instructions from trial courts. He has also neglected his clients' interests and failed to seek their lawful objectives. Finally, he has failed to cooperate in disciplinary investigations of his misconduct.

We believe that these violations of the Disciplinary Rules and the Rules for the Government of the Bar warrant a more severe discipline than indefinite suspension. These are not isolated instances. Respondent's pattern of conduct has ill-served his clients who have been prejudiced due to his failure to appear at hearings. To effect the goal of a speedy trial for everyone, trial judges must be able to rely on the representations of the attorneys who appear before them. Cf. *Cincinnati Bar Assn. v. Nienaber* (1997), 80 Ohio St.3d 534, 537, 687 N.E.2d 678, 681. Respondent has failed in his duty as a member of the bar and is no longer entitled to be listed on the rolls of those permitted to practice law in Ohio.

Respondent is hereby permanently disbarred. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER and COOK, JJ., concur.

F.E. SWEENEY, J., dissents and would indefinitely suspend respondent.

LUNDBERG STRATTON, J., not participating.